UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NEW SON YENG PRODUCE NY LLC,

                Plaintiff,

-against-

GURU TEG HOLDING INC. d/b/a MAHARAJA FARMERS MARKET, KRISHNA HOLDING INC. d/b/a MAHARAJA FARMERS MARKET, , A&S VEGETABLES INC. d/b/a MAHARAJA FARMERS MARKET, OM VEGETABLE INC. d/b/a FOOD UNIVERSE MARKETPLACE, AMANDEEP SINGH a/k/a "TONY" SINGH, individually and SUNIL PATEL, individually,

                Defendants.

Case No.: 19cv6410

**COMPLAINT (to Enforce Payment From PACA Trust)**

NEW SON YENG PRODUCE NY LLC. (hereinafter referred to as "New Son Yeng" or "plaintiff"), for its complaint against defendants, alleges:

**JURISDICTION AND VENUE**

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(4), (hereinafter "the PACA" or the "Act"), 28 U.S.C. §1331.

2. Venue in this District is based on 28 U.S.C. §1391 in that the plaintiff's, New Son Yeng, principal place of business is located within this District and the substantial events giving rise to the plaintiff's, New Son Yeng, claims arose in this District.

3. The agreement and sales which form the basis of this dispute was entered into within this District and the perishable agricultural commodities sold and delivered to the defendants, Guru

1

Teg Holding Inc. d/b/a Maharaja Farmers Market ("Guru"), Krishna Holding Inc. d/b/a Maharaja Farmers Market ("Krishna"), A&S Vegetables Inc. d/b/a Maharaja Farmers Market ("A&S") and OM Vegetable Inc. d/b/a Food Universe Marketplace ("OM"), occurred within this District.

## PARTIES

4. Defendant, Guru, is a New York corporation with a principal place of business at 265 South Broadway, Hicksville, New York 11801

5. Defendant, Guru, its agents, servants and employees, engaged in the buying and selling of wholesale quantities of produce in interstate commerce, including New York.

6. Defendant, Guru, is subject to the provisions of PACA as a dealer as it engaged in purchases of perishable agricultural commodities in excess of 2,000 pounds on any given day and/or the aggregate of $230,000.00 annually.

7. Defendant, Krishna, is a New York corporation with a principal place of business at 249-12 Hillside Avenue, Bellrose, New York 11426.

8. Defendant, Krishna, its agents, servants and employees, engaged in the buying and selling of wholesale quantities of produce in interstate commerce, including New York.

9. Defendant, Krishna, is subject to the provisions of PACA as a dealer as it engaged in purchases of perishable agricultural commodities in excess of 2,000 pounds on any given day and/or the aggregate of $230,000.00 annually.

10. Defendant, A&S, is a New York corporation with a principal place of business at 1620 Hillside Avenue, New Hyde Park, New York 11040.

11. Defendant, A&S, its agents, servants and employees, engaged in the buying and selling of wholesale quantities of produce in interstate commerce, including New York.

12. Defendant, A&S, is subject to the provisions of PACA as a dealer as it engaged in purchases of perishable agricultural commodities in excess of 2,000 pounds on any given day and/or the aggregate of $230,000.00 annually.

13. Defendant, OM, is a New York corporation with a principal place of business at 520 S. Broadway, Hicksville, New York 11801.

14. Defendant, OM, its agents, servants and employees, engaged in the buying and selling of wholesale quantities of produce in interstate commerce, including New York.

15. Defendant, OM, is subject to the provisions of PACA as a dealer as it engaged in purchases of perishable agricultural commodities in excess of 2,000 pounds on any given day and/or the aggregate of $230,000.00 annually.

16. Upon information and belief, the defendant, Singh, is and was an officer, director and/or shareholder of defendants, Krishna, Guru, A&S and OM, during and prior to the period of time in question, who upon information and belief, controlled the operations of defendant, A&S, and was in a position of control over the PACA trust assets.

17. Upon information and belief, the defendant, Singh, at all time herein mentioned was and is the principal officer, director and shareholder of defendants, Krishna, Guru, A&S and OM, and a conscious moving force concerning the operations of the corporation and whose decision it was to determine to whom payments of invoice amounts would be made from the sales of perishable agricultural commodities delivered to it as well as other payments to PACA beneficiaries, including but not limited to the plaintiff, New Son Yeng, herein.

18. Upon information and belief, the defendant, Sunil Patel ("Patel"), at all time herein mentioned was and is a resident of New York, residing at 1101 Wolver Hollow Road, Oyster Bay, New York 11771 and is the common owner of the outstanding share of each of the corporate defendants, and was an officer, director and/or shareholder of defendants, Krishna, Guru, A&S and OM, during and prior to the period of time in question, who upon information and belief, controlled the operations of defendant, Guru, and was in a position of control over the PACA trust assets.

19. Upon information and belief, the defendant, Patel, is and was an officer, director and/or shareholder of defendants, Krishna, Guru, A&S and OM, during and prior to the period of time in question, who upon information and belief, controlled the operations of defendant, A&S, and was in a position of control over the PACA trust assets.

**GENERAL ALLEGATIONS**

20  This action is brought to enforce the trust provisions PACA, 7 U.S.C. §499e(c).

21. Between on or about December 8, 2019 and September 7, 2019 plaintiff, New Son Yeng, sold and delivered to the defendant, Guru, wholesale quantities of produce in the principal amount of $19,057.00. Copies of the invoices for the sales of such produce are annexed hereto, as Exhibit "A".

22. Between on or about April 20, 2019 and May 11, 2019 plaintiff, New Son Yeng, sold and delivered to the defendant, Krishna, wholesale quantities of produce in the principal amount of $14,967.00. Copies of the invoices for the sales of such produce are annexed hereto, as Exhibit "B".

4

23. Between on or about April 28, 2018 and August 10, 2019 plaintiff, New Son Yeng, sold and delivered to the defendant, A&S, wholesale quantities of produce in the principal amount of $22,912.00. Copies of the invoices for the sales of such produce are annexed hereto, as Exhibit "C".

24. Between on or about July 27, 2019 and November 9, 2019 plaintiff, New Son Yeng, sold and delivered to the defendant, OM, wholesale quantities of produce in the principal amount of $37,501.00. Copies of the invoices for the sales of such produce are annexed hereto, as Exhibit "D".

25. Pursuant to the contracts between the parties, the produce was sold and delivered.

26. In accordance with the contracts, plaintiff, New Son Yeng, delivered the produce to the defendants, Krishna, Guru, A&S and OM.

27. Defendants, have failed to pay for the produce when payment was due, despite repeated demands, and presently owes the plaintiff, New Son Yeng, the aggregate principal amount of $94,437.00 for produce delivered to defendants, Guru and A&S.

28. At the time of receipt of the produce, the plaintiff, New Son Yeng, became a beneficiary of a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds comingled with funds from other sources and all assets procured by such funds, in the possession or control of the defendants since the creation of the trust.

29. Plaintiff, New Son Yeng, preserved its interest in the PACA trust by including the statutory language to do so on its invoices delivered to the defendants and remains a beneficiary until full payment is made.

30. The defendants failure, refusal and/or inability to pay the plaintiff, New Son Yeng, indicates that the defendants are failing to maintain PACA assets in the statutory trust freely available to pay the plaintiff and are dissipating trust assets.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANTS, GURU, KRISHNA, A&S, OM, SINGH and PATEL
## (INJUNCTIVE RELIEF)

31. Plaintiff, New Song Yeng, incorporates each and every allegation set forth in paragraphs "1" to "30" above as if fully set forth herein.

32. The defendants, Guru, Krishna, A&S and OM, Singh and Patel, failure to make payment to plaintiff, New Son Yeng, of trust funds in the amount of $94,437.00 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

33. Pursuant to PACA and the prevailing cases, plaintiff, New Son Yeng, is entitled to injunctive relief against the defendants, Guru, Krishna, A&S, OM. Singh & Patel, enjoining and restraining them and their agents from dissipating trust assets belonging to the plaintiff, New Son Yeng, and requiring them to turn over to the plaintiff, New Son Yeng, any and all PACA trust assets in their possession or in the possession of third-parties.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT, GURU
## (FAILURE TO PAY)

33. Plaintiff, New Son Yeng, incorporates each and every allegation set forth in paragraphs "1" to "32" above as if fully set forth herein.

34. Defendant, Krishna, received each of the produce shipments upon which this action is based.

35. The defendant, Guru, is required to promptly tender to the plaintiff, New Son Yeng, full payment for those shipments pursuant to the PACA.

36. The defendant, Guru has failed and refused to pay for the produce supplied by plaintiff, New Son Yeng, within the payment terms agreed to between the parties.

37. As a direct and proximate result of the defendant, Guru, failure to pay promptly, the plaintiff, New Son Yeng, has incurred damages in the amount of $19,057.00, plus interest, costs and attorneys' fees.

## S AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT, KRISHNA
## (FAILURE TO PAY)

38. Plaintiff, New Son Yeng, incorporates each and every allegation set forth in paragraphs "1" to "37" above as if fully set forth herein.

39. Defendant, Krishna, received each of the produce shipments upon which this action is based.

40. The defendant, Krishna, is required to promptly tender to the plaintiff, New Son Yeng, full payment for those shipments pursuant to the PACA.

7

41. The defendant, Krishna, has failed and refused to pay for the produce supplied by plaintiff, New Son Yeng, within the payment terms agreed to between the parties.

42. As a direct and proximate result of the defendant, Krishna, failure to pay promptly, the plaintiff, New Son Yeng, has incurred damages in the amount of $ 14,967.00, plus interest, costs and attorneys' fees.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST DEFENDANT, A&S
### (FAILURE TO PAY)

43. Plaintiff, New Son Yeng, incorporates each and every allegation set forth in paragraphs "1" to "42" above as if fully set forth herein.

44. Defendant, A&S, received each of the produce shipments upon which this action is based.

45. The defendant, A&S, is required to promptly tender to the plaintiff, New Son Yeng, full payment for those shipments pursuant to the PACA.

46. The defendant, A&S, has failed and refused to pay for the produce supplied by plaintiff, New Son Yeng, within the payment terms agreed to between the parties.

47. As a direct and proximate result of the defendant, A&S, failure to pay promptly, the plaintiff, New Son Yeng, has incurred damages in the amount of $22,912.00, plus interest, costs and attorneys' fees.

### AS AND FOR A FIFTH CAUSE OF ACTION
### AGAINST DEFENDANT, OM
### (FAILURE TO PAY)

48. Plaintiff, New Son Yeng, incorporates each and every allegation set forth in

8

paragraphs "1" to "47" above as if fully set forth herein.

49. Defendant, OM, received each of the produce shipments upon which this action is based.

50. The defendant, OM, is required to promptly tender to the plaintiff, New Son Yeng, full payment for those shipments pursuant to the PACA.

51. The defendant, OM, has failed and refused to pay for the produce supplied by plaintiff, New Son Yeng, within the payment terms agreed to between the parties.

52. As a direct and proximate result of the defendant, OM, failure to pay promptly, the plaintiff, New Son Yeng, has incurred damages in the amount of $37,501.00, plus interest, costs and attorneys' fees.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT, SINGH (UNLAWFUL DISSIPATION OF TRUST ASSETS BY A CORPORATE OFFICIAL)

53. Plaintiff, New Son Yeng, incorporates each and every allegation set forth in paragraphs "1" to "52" above as if fully set forth herein.

54. Defendant, Singh, is an officer, director and/or shareholder who operated defendants, Krishna, Guru, A&S and OM, during the relevant time period and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to the plaintiff, New Son Yeng.

55. Defendant, Singh, failed to direct defendants, Krishna, Guru, A&S and OM, to fulfill their statutory duty to preserve PACA trust assets and pay the plaintiff, New Son Yeng, for the produce it supplied.

9

56. Defendant, Singh's, failure to direct defendants, Krishna, Guru, A&S and OM, to maintain PACA trust assets and to pay the plaintiff, New Son Yeng, for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

57. As a result of said unlawful dissipation of trust assets the plaintiff, New Son Yeng, has been derived its right as a beneficiary in the PACA trust and has been denied payment for the produce it supplied.

58. As a direct and proximate result, the plaintiff, New Son Yeng, has incurred damages in the amount of $94,437.00, plus interest, costs and attorneys' fees.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANT, PATEL (UNLAWFUL DISSIPATION OF TRUST ASSETS BY A CORPORATE OFFICIAL)

59. Plaintiff, New Son Yeng, incorporates each and every allegation set forth in paragraphs "1" to "58" above as if fully set forth herein.

60. Defendant, Patel, is an officer, director and/or shareholder who operated defendants, Krishna, Guru, A&S and OM, during the relevant time period and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to the plaintiff, New Son Yeng.

61. Defendant, Patel, failed to direct defendants, Krishna, Guru, A&S and OM, to fulfill their statutory duty to preserve PACA trust assets and pay the plaintiff, New Son Yeng, for the produce it supplied.

62. Defendant, Patel's, failure to direct defendants, Krishna, Guru, A&S and OM, to

maintain PACA trust assets and to pay the plaintiff, New Son Yeng, for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

63. As a result of said unlawful dissipation of trust assets the plaintiff, New Son Yeng, has been derived its right as a beneficiary in the PACA trust and has been denied payment for the produce it supplied.

64. As a direct and proximate result, the plaintiff, New Son Yeng, has incurred damages in the amount of $94,437.00, plus interest, costs and attorneys' fees.

**WHEREFORE**, plaintiff, New Son Yeng, demands judgment against the defendants, Krishna. Guru, A&S, OM, Singh and Patel, as follows:

A. On the first cause of action against defendants, Krishna, Guru, A&S, OM, Singh and Patel, an order enjoining and restraining the defendants from dissipating trust assets and to turnover any and all PACA trust assets in their possession;

B. On the second cause of action against defendant, Guru, in the sum of $19,057.00 plus interest, costs and attorneys' fees;

C. On the third cause of action against defendant, Krishna, in the sum of $14,967.00, plus interest, costs and attorneys' fees;

D. On the fourth cause of action against defendant, A&S, in the sum of $22,912.00, plus interest, costs and attorneys' fees;

E. On the fifth cause of action against defendant, OM, in the sum of $37,501.00, plus interest, costs and attorneys' fees;

F. On the sixth cause of action against defendant, Singh, in the sum of

11

$94,437.00, plus interest, costs and attorneys' fees;

        G.     On the seventh cause of action against defendant, Patel, in the sum of $94,437.00, plus interest, costs and attorneys' fees;

        H.     Such other and further relief as the court deems just and proper.

Dated this _____ day of November, 2019

                                      Respectfully submitted,

                                      KREINCES & ROSENBERG, P.C.

                                      By:_____
                                      LEONARD KREINCES
                                      Attorneys for Plaintiff
                                      900 Merchants Concourse, Suite 305
                                      Westbury, New York 11590
                                      (516) 227-6500

Z:\kreinces1\WORK\General\new son yeng\vs. Guru Teg Holding\Complaint.wpd